The Attorney General has asked me to write this informal letter to address the following questions that you have asked:
 1. If an institution within the Oklahoma State System of Higher Education decides to establish a branch campus, is it necessary for that university to receive approval from the Oklahoma State Regents for Higher Education?
 2. If the Oklahoma State Legislature approves the creation of such a branch campus by statute, would it be necessary for the Oklahoma State Regents for Higher Education to formally approve such creation in order for such branch to be officially recognized?
 3. Has the Oklahoma City Technical Branch of Oklahoma State University been officially approved by the Oklahoma State Regents for Higher Education?
 4. Is the Oklahoma City Technical Branch of Oklahoma State University an officially recognized and established higher education institution within the Oklahoma State System of Higher Education?
Please be advised that any opinion expressed in this letter is the opinion of the undersigned Assistant Attorney General and is not the formal opinion of the Attorney General. Generally, questions of fact such as questions 3 and 4 are not answered in a formal opinion but are addressed in informal letters such as this. Because the remaining questions may be answered by relevant statutes and controlling case law, a formal opinion is not necessary.
Approval of Functions and courses of study by State Regents — The first two questions essentially deal with one issue: is the approval of the State Regents necessary to establish a branch campus? The answer to this question is that the approval of functions and courses of study by the State Regents is necessary before a branch campus is established. Okla. Const. Article XIIIA. As stated in our prior opinions, the decision to establish a branch campus of an institution within the Oklahoma State System of Higher Education rests with the Legislature. A.G. Opin. Nos. 79-031, 80-204. Approval of both the Legislature and the State Regents is necessary before the institution establishes its branch campus.
Section 1 of Article XIII-A, Section 1 of the Oklahoma Constitution provides that all institutions of higher education supported in whole or in part by legislative appropriations shall be an integral part of a unified system known as the "Oklahoma State System of Higher Education." Section 2 of Article XIII-A. Section 2 establishes the Oklahoma State Regents (State Regents herein) as the coordinating board of control, with specific powers to prescribe standards of higher education and to determine the functions and courses of study in each of the institutions to conform to the standards prescribed. These constitutional powers are also reiterated in statutes. 70 O.S. 3201 (1991) et seq.
The Oklahoma Supreme Court has clarified that this authority to determine functions and courses of study extends to changing the function of an existing institution because this authority derives from the constitution and not from legislative enactments. See, Board of Regents for the A. M. Colleges v. Oklahoma State Regents for Higher Education, 497 P.2d 1062, 1067, (Okla. 1972). In that case the Board of Regents for the Agricultural and Mechanics Colleges challenged the power of the State Regents to change the function of Murray State College from an agricultural college to providing a predominant emphasis in technical education following a legislative directive in Senate Bill 214. The Court held that the directive was not an unlawful delegation of power by the Legislature. In so holding, the Court stated:
 "The Oklahoma State Regents for Higher Education changed the functions of Murray State College to provide for a predominant emphasis in technical education which they were constitutionally authorized to do. The State Regents had this constitutional power and authority with or without the benefit of Senate Bill 214. Although the State Regents may have acted pursuant to Senate Bill 214, their authority to act springs from the Constitution. 497 P.2d at 1069-70."
It is this writer's opinion therefore that the State Regents' approval of function and course of study is a necessary precondition to the establishment of a branch campus.
This view is consistent with our prior opinions expressed in A.G. Opin. Nos. 79-031 and 80-204. In both these opinions the Attorney General stated that only the Legislature may establish any additional institutions or centers of higher education or branch facilities. A.G. Opin No. 79-031 held that a branch facility of an institution within the Oklahoma State System of higher education cannot be created without prior express legislative approval. That opinion applied the legislative intent expressed in the Joint Resolution of the Oklahoma Legislature (HR No. 1053, Laws 1978, p. 911) "opposing" the establishment of any additional public institutions of higher education in Oklahoma. . . ."
A.G. Opin. No. 80-204 held that "(t)he Oklahoma State Regents for Higher Education have no authority to establish a branch campus of an existing state institution of higher education without prior legislative approval." That opinion also recognized that the State Regents have the constitutional authority to prescribe the standard of higher education and to determine the functions and the courses of study to be offered at state institutions higher education.
II.
Institutional Statu of the Technical Branch — In answer to your third question, the Technical Branch of the Oklahoma State University located at Oklahoma City is not a separate institution of higher education within the Oklahoma State System of Higher Education. Title 70 O.S. 3201 lists the institutions comprising the Oklahoma State System of Higher Education. While Oklahoma State University is a member institution, its Technical Branch in Oklahoma City is not listed. It is a constituent agency. 70 O.S. 3103. Section 3103 provides in relevant part as follows:
 "3103. Agency of state educational institution For purposes of this Code. . . . each of the following shall be deemed an agency and an integral part of the Oklahoma State University: the College of Veterinary Medicine, The College of Osteopathic Medicine, The Agricultural Experiment Station, The Agricultural Extension Division, The Technical Branch located at Oklahoma City, and the Technical Branch located at Okmulgee."
The Technical Branch's status as a constituent agency is also affirmed in the State Regents' Policies and Procedures at II-2-27, a copy of which was earlier sent to you.
III.
Approval of the Technical Branch by the State Regents — Pursuant to the authority conferred by the Oklahoma Constitution, the Oklahoma State Regents for Higher Education, as the coordinating board of control for the State System of Higher Education, approved the function of the technical branch. Article XIIIA, Section 2. They approved the offering of technical education at the Oklahoma City location and continue to annually approve the courses offered at that location. Because it is an agency and an integral part of Oklahoma State University rather than a branch campus, the Oklahoma City Technical Branch did not require legislative approval.
(Yasodhara Mohanty)